IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**EDRICK McCARTY,**

     **Plaintiff,**

    v.       CASE NO. 10-3005-SAC

**STATE OF KANSAS,**
**et al.,**

     **Defendants.**

### O R D E R

  This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Larned Mental Health Correctional Facility (LMHCF). Mr. McCarty sues the State of Kansas, the Director of the Larned facility, and another employee at the LMHCF based on the following facts. On December 9, 2009, his sister called to tell him his mother was in the hospital with a potentially fatal condition, and his mother died the following morning. Plaintiff made a request to attend his mother's funeral, which he alleges was denied in accord with Kansas Department of Corrections (KDOC) Policy. He claims defendants must be held liable for enforcing the KDOC policy. He complains that he never got to see his Mom a last time, and believes he had the right to see her. His request for relief is for money for a house and to found an incorporated business once he is free.

  On January 14, 2010, the court entered an order granting plaintiff time to satisfy the filing fee requirements. In

response, Mr. McCarty filed a motion for leave to proceed in forma pauperis (Doc. 6), and a Supplement to Motion (Doc. 7), which is an Inmate Account Statement to support the motion, as statutorily mandated. As plaintiff was previously informed, under 28 U.S.C. § 1915(b)(1), a plaintiff granted such leave to proceed in forma pauperis is not relieved of the obligation to pay the full fee of $350.00 for filing a civil action. Instead, being granted leave to proceed in forma pauperis merely entitles an inmate to proceed without prepayment of the full fee, and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account is $ 35.65, and the average monthly balance is $ 22.56. The court therefore assesses an initial partial filing fee of $ 7.00, twenty percent of the average monthly deposit, rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

In addition, because Mr. McCarty is a prisoner, the court

is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed as frivolous.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). There is no federal constitutional right for a lawfully incarcerated prisoner to be transported in maximum custody or released so that he might attend a funeral. While the court is sorry that Mr. McCarty had not seen his beloved Mother for 12 years, and was unable to see her before she died and was cremated, he is not entitled to money from defendants for a home or business as a result. Plaintiff will be given time to show cause why this action should not be dismissed as frivolous. Failure to show cause in the time allotted will result in dismissal of this case, without further notice.

The court has considered plaintiff's Motion for Hearing (Doc. 4) and Motion for Summary Judgment (Doc. 5) and finds no basis is alleged for either motion. Accordingly, they shall be denied.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty

(30) days in which to submit to the court an initial partial filing fee of $ 7.00.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty (30) day period, plaintiff must show cause why this action should not be dismissed as frivolous.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Hearing (Doc. 4) and Motion for Summary Judgment (Doc. 5) are denied.

**IT IS SO ORDERED**.

Dated this 31st day of March, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge